## Mary Ann Oakley, Plff. in Err., *v.* William Macrum, Trustee.

Where a party about to loan money on a mortgage, finds the legal title as well as the possession in the proposed mortgagor, he is not bound to make any further inquiries; he is not affected by the fact that the mortgagor fraudulently took title in his name for property purchased for his wife, if he knew nothing of such fraud.

(Argued October 27, 1887. Decided November 7, 1887.)

NOTE.—A bona fide mortgagee is a purchaser, and takes free from secret trusts or equities, of which he had no notice. Sweetzer v. Atterbury, 100 Pa. 18; Fretz v. Gilhan, 16 Pa. Co. Ct. 586, 5 Pa. Dist. R. 21; Bigley v. Jones, 114 Pa. 510, 7 Atl. 54.

October Term, 1887, No. 179, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment for plaintiff in an action of ejectment. Affirmed.

The facts as they appeared on the trial, before WHITE, J., were substantially as follows:

In 1860 A. G. Oakley purchased the land in dispute, taking title in his own name; having become financially embarrassed in 1873 he executed a mortgage on said land without the knowledge of his wife. The mortgage was not paid and a scire facias was issued and the property sold and subsequently was conveyed to plaintiff who brought this action against A. G. Oakley and Mary, his wife, who were in possession of the property.

Defendant alleged that the property had been bought with money of Mary Oakley, and that A. G. Oakley fraudulently took title in his own name; that Mary had no knowledge of this or of the execution of the mortgage. It also appeared that A. G. Oakley took down the bill for sheriff's sale to conceal the same from his wife; and that Mrs. Oakley had always had charge of the farm, her husband being a carpenter.

The defendants requested the court to charge, *inter alia,* as follows:

Third. That the possession of the premises by Mrs. Oakley was sufficient notice of her title to put the mortgagee, Nicholas Reiger, on inquiry, and the title of the plaintiff can rise no higher than that of the mortgagee under whom he holds.

*Ans.* Refused.

Fourth. Under all the evidence in this case it is for the jury to determine the existence of facts, sufficient to put a prudent man on inquiry as to Mrs. Oakley's title to the property in dispute.

*Ans.* Refused; because there is no evidence on which the jury could find that he had notice of her claim to the title or any facts to put him upon inquiry.

The court charged the jury, *inter alia,* as follows:

"Now, if you find . . . that Mrs. Oakley knew that Reiger was about to get a mortgage and advance money on the property, but did not make known the fact that she claimed it, she is estopped and cannot set up title now. . . . Even if she did not know it then, if she knew that this property was

about to be sold as the property of her husband at sheriff's sale —was advertised at the sheriff's sale and was sold as his property, and she interposed no objection, let the sale take place and said nothing about it for years afterwards,—then I say to you she is estopped and cannot claim this property."

Verdict for plaintiff and judgment thereon. Defendant took this writ assigning for error the answers to the above points and the portions of the charge quoted.

*Marshalls & Imbrie*, for plaintiff in error.—A married woman will not be estopped by a failure to expose facts of fraud or misconduct on the part of her husband in which she does not share, or even to point out that property which he is disposing of as his own belongs to her, for the reason that the law will presume that she was swayed by his influence, or restrained by fear of giving him offense. 2 Herman, Estoppel, § 1106.

Silence cannot affect a *feme covert*. McClure v. Douthitt, 6 Pa. 414; Com. v. Moltz, 10 Pa. 527, 51 Am. Dec. 499.

The only cases where a married woman may be estopped by standing by while her property is sold, without warning the purchaser, is where her power over her property is unfettered, and may be exercised without the assent of her husband. 2 Herman, Estoppel, § 1102; Glidden v. Strupler, 52 Pa. 400.

Married women and infants are not estopped, unless their conduct has been intentional and fraudulent. Bigelow, Estoppel, p. 443.

*William Macrum*, for defendant in error.—That the occupation by the family of which A. G. Oakley was the head was referable to and not inconsistent with his recorded legal title is not an open question.

The rule is clearly stated and illustrated by Mr. Justice Green, delivering the opinion of the court in Hottenstein v. Lerch, 12 W. N. C. 4, a case where there was sufficient evidence, both of actual and constructive notice of the wife's title. See also Buck's Appeal, 100 Pa. 109.

On the question of estoppel, we refer to Powell's Appeal, 98 Pa. 403.

But the defendant's evidence seems to us wholly insufficient to justify a submission of the question of a trust *ex maleficio* to the

jury. For two reasons the evidence must be clear, precise and indubitable:

First, it is an attempt to overturn a legal recorded title of twenty-seven years' standing, by establishing a secret trust.

Second, it is a purchase, during coverture, said to be for the wife.

PER CURIAM:

Admitting that Oakley perpetrated a fraud on his wife, in his acquisition of the property in question, yet his mortgagee knew nothing of such fraud. He found the legal title as well as the possession in Oakley, and he was bound to inquire no further.

Judgment affirmed.